**WU CHOU CHEN, Petitioner,**

v.

**Alberto R. GONZALES, United States Attorney General, Respondent.**

No. 04–0713–AG NAC.

United States Court of Appeals, Second Circuit.

Nov. 29, 2005.

Thomas V. Massucci, New York, NY, for Petitioner.

Paul J. McNulty, United States Attorney, Dennis C. Barghaan, Jr., Assistant

United States Attorney, Eastern District of Virginia, Alexandria, VA. for Respondent.

PRESENT: MINER, SACK, and SOTOMAYOR, Circuit Judges.

## SUMMARY ORDER

Petitioner Wu Chou Chen ("Chen") petitions for review of the BIA's decision affirming the immigration judge's ("IJ") denial of asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history.

Here, the BIA affirmed, and agreed with the IJ "adverse credibility finding". The BIA did not adopt the IJ's ruling that Chen's description of China's population policy was inconsistent with reports from the Department of State and did not adopt the IJ's alternative findings. This Court generally reviews only the final order of the BIA, but when the BIA adopts the IJ's decision and supplements it, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir.2005).

■ The inconsistencies relied upon by the IJ in making his adverse credibility determination were neither minor nor isolated. *See Diallo v. Ashcroft*, 232 F.3d 279, 288 (2d Cir.2000). The IJ noted that the petitioner's 1994 application did not indicate that Chen's wife was sterilized, but did indicate that authorities tried to force her to have an abortion, authorities destroyed their house, and Chen was detained for ten days. A second asylum application, however, did not include statements about the house being destroyed or the detention. Further, Chen testified at his asylum hearing that he was not detained. The IJ also noted that Chen's application applications, corroborative documents and testimony provided material inconsistencies as to (1) the date he arrived in the U.S. that varied from March 1990, June 1994, and November 1990; (2) the date he was married that varied from 1987, April 1990, and October 1997; and (3) the date his first son was born that varied from 1988 and 1989, (4) the age of his first son that was alleged to be twelve in 2001, but fifteen in 2002, and (5) whether his second son was alive at age eleven in 2001 or had died at age six. Although a reasonable adjudicator could have accepted Chen's explanation that the inconsistencies were in part a result of the fact that a "travel agent" or "service agent" in New York filled out his 1994 application, the adjudicator was not compelled to make that finding given the extensive inconsistencies in Chen's testimony and in later submitted documentation. *See Zhou Yun Zhang v. INS*, 386 F.3d 66, 74 (2d Cir. 2004).

■ Because the IJ's credibility finding was supported by substantial evidence, the IJ properly denied both asylum and withholding of removal. *Id.* at 71. Chen waived a challenge to the IJ's denial of CAT relief by failing to discuss the claim in his brief to this Court. *See Davis v. New York*, 316 F.3d 93, 102 n. 5 (2d Cir. 2002).

We find no merit in Chen's remaining arguments.

For the foregoing reasons, the petition for review and motion for a stay of removal are DENIED.